James R. Mott, d. b., *vs.* State of Delaware, p. b.

*Justice of the Peace—Certiorari—Statute—Doing Worldly Business on Sabbath Day—Exceptions in Statute Must be Negatived.*

In a prosecution for performing worldly business on the Sabbath day, if the exceptions contained in the statute are not negatived in the complaint or record the judgment below will be reversed.

(*October 27, 1905.*)

Lore, C. J., and Grubb and Pennewill, J. J., sitting.

*Horace G. Eastburn* for plaintiff in error.

*Robert H. Richards* Attorney-General for the State.

Superior Court, Kent County, October Term, 1905.

Certorari (No. 17, October Term, 1905) to Robert L. Cummins, a Justice of the Peace for Kent County.

The affidavit of complaint of William A. Stokesbury, alleged the following: "That on the sixth day of August, 1905, at Duck Creek Hundred, Kent County and State of Delaware, James R. Mott did perform worldly business, said sixth day of August, 1905 being the Sabbath day commonly called Sunday, and that he had cause to suspect and doth suspect James R. Mott of Duck Creek Hundred, of committing the said offense;" etc.

The record of the Justice stated the offense for which the plaintiff in error was tried and convicted, as follows: " Affidavit, "August 22, 1905, on oath of William A. Stokesbury that at Duck Creek Hundred, Kent County and State of Delaware, August 6, 1905, James R. Mott did perform worldly business, said August 6, 1905, being the Sabbath day commonly called Sunday;" etc.

The prosecution was instituted before the said Justice under *Chapter 131, Section 4, Revised Code, page 953,* which is as follows :

" Section 4.—If any person shall perform any worldly employment, labor, or business, on the Sabbath day (works of necessity and charity excepted), he shall be fined four dollars, and on failure to pay such fine and costs, shall be imprisoned not exceeding twenty-four hours."

The following exceptions were filed to the record of the justice, namely :

1. That the affidavit of complaint on which the warrant was issued was not such as was required by the statute.

2. That it does not appear from the affidavit of complaint that the defendant was not engaged in a work of necessity and charity.

3. That the affidavit of complaint does not allege that the defendant was not engaged in works of necessity or charity.

4. That it does not appear from the record that the defendant was not engaged in works of necessity and charity.

5. That the case was not within the jurisdiction of the Justice because it does not affimatively appear both in the affidavit of complaint on which the Justice acted and in the adjudication or conviction itself, that the defendant was not engaged in works of necessity and charity.

*Robert H. Richards, Attorney-General :*—After examining the case of *Sockum vs. State, 1 Houst. 204,* which is decisive of this case, and also numerous decisions outside of our State to the same effect, I feel that it is hardly necessary to take up the time of the Court with an argument.

LORE, C. J. :—We reverse the judgment upon the ground that neither the complaint nor the record negatives the exceptions contained in the statute.

Judgment below reversed.